**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Vernon Gray</u>

    v.                                      Civil No. 07-cv-077-SM

<u>Bruce Cattell, Warden,</u>
<u>New Hampshire State Prison</u>

**O R D E R**

Before the Court for preliminary review is Vernon Gray's petition for a writ of habeas corpus (document no. 1) filed pursuant to 28 U.S.C. § 2254.  <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid).  As discussed below, I find that Gray has sufficiently demonstrated the facial validity of his petition to allow it to proceed at this time.

<u>Standard of Review</u>

Under this court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation advising the district

judge whether the action, or any portion thereof, should be dismissed because:

> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). In conducting a preliminary review, the Court construes pro se pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the petitioner and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard

of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988). Applying this standard, the facts alleged by Gray are as follows.

## Background

During 2002 and 2003, Gray's wife, Bonnie, had an affair with a man named Matthew Collier. In May of 2003, Collier accused Gray of pointing a gun at a car in which Collier was a passenger. Gray was charged with reckless conduct, first degree assault, and attempted murder. Gray alleges that Collier had driven at Gray in a threatening way, and that Gray, who was armed, fell onto the pavement in an attempt to avoid Collier's car. Gray claims his gun discharged upon hitting the pavement. He raised the affirmative defense of self-defense at trial.

Prior to Gray's trial, a "Richards hearing" was held in the trial court.[1] At that hearing, Gray alleges that his trial

---

[1] A Richards hearing is a pretrial hearing in a criminal case in New Hampshire, in which the trial judge inquires about Fifth Amendment concerns of a witness who may have to incriminate himself in order to testify fully and truthfully at trial. See State v. Richards, 129 N.H. 669, 673-74 (1987). The trial court hears evidence regarding the proposed testimony, and the

counsel failed to properly introduce evidence that, Gray believes, would have resulted in a weakening of the State's potential evidence.  Gray further alleges that the weakening of evidence was sufficient that the case against him would have likely been dismissed.

Vernon Gray was convicted by a jury of reckless conduct in May of 2005 and sentenced on July 20, 2005.  Gray's counsel failed to file a timely direct appeal on his behalf.  Gray filed a petition for a writ of habeas corpus in the New Hampshire Superior Court at Merrimack County on March 7, 2006.  That petition was denied on November 13, 2006.  Gray filed a notice of appeal in the New Hampshire Supreme Court on November 17, 2006.  The appeal was denied on March 2, 2007.  This petition followed.

### The Claims[2]

Gray challenges his trial counsel's effectiveness at trial. Gray alleges that his counsel was ineffective at trial because he

---

potential for self-incrimination, and weighs the witness' rights against the defendant's right to present all proofs favorable to his defense.  In this manner, the trial court obtains the information necessary to making rulings concerning the management of the testimony of the relevant witness or witnesses at trial.

[2]The claims as identified in this Order will be considered to be the claims raised in the petition for all purposes.  If Gray disagrees with the identification of the claims herein, he must properly move to amend his petition.

failed to properly impeach the State's central witness with available impeachment evidence, that he failed to object to the exclusion of impeachment evidence by the trial judge, and that he failed to introduce evidence in his possession that would have both impeached the credibility of the State's witnesses and proven exculpatory to Gray.  As a result, Gray argues that his trial counsel failed to challenge the State's case effectively and failed to properly introduce Gray's self defense theory to the jury.  Gray alleges that his trial counsel denied him the effective assistance of counsel and right to confront the evidence against him guaranteed by the Sixth and Fourteenth Amendments.

Next, Gray alleges that the trial judge in the case erred in ruling that the key State's witness did not have potential criminal liability that would require his testimony to be excluded under the Fifth Amendment, and that therefore the testimony of the witness was admissible at trial, as it would not cause the witness to incriminate himself.  Further, the trial court abused its discretion in not allowing the defense to introduce certain impeachment evidence that, Gray alleges, was admissible, relevant, and material to the success of his case.

Accordingly, Gray alleges that the trial court violated his Fifth, Sixth and Fourteenth Amendment rights to due process and a fair trial.

Gray affirmatively states that the arguments raised in this petition have been raised before the State Superior Court in his petition for a writ of habeas corpus, and to the New Hampshire Supreme Court in his notice of appeal filed after the State habeas petition was denied.  Gray has not filed any documentation indicating precisely how the arguments were raised in the State courts, but liberally construing the complaint, as I must, I find that Gray alleges that the arguments presented here, which include arguments based on both State law and the federal constitution, were presented to the State Superior and Supreme Courts.

## Discussion

To be eligible for habeas relief, Gray must show that he is both in custody and has exhausted all State court remedies, or that he is excused from exhausting those remedies because of an absence of available or effective State corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaolo, 131 F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the

exhaustion principle).  A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, Maloney v Lanigan, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the State appellate courts so that the State had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State courts to give them the first opportunity to remedy the claimed constitutional error).

 Petitioner is in custody, serving a State prison sentence pursuant to the conviction in question in this case.  As I previously noted, Gray has alleged sufficient facts to demonstrate that he has previously raised his claims, including the federal nature of the claims, in the State courts.  I find, therefore that the claims presented here have been properly exhausted in the State courts to allow petitioner's federal habeas action to proceed at this time.

## Conclusion

I direct that Gray's petition be served on the Respondent. See § 2254 Rule 4.  The Respondent shall file an answer or other pleading in response to the allegations made therein.  See id. (requiring reviewing judge to order a response to the petition). The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this Order and the habeas petition (document no. 1).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper,

after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

                                        <u>/s/ James R. Muirhead</u>
                                        James R. Muirhead
                                        United States Magistrate Judge

Date:     April 17, 2007

cc:       Vernon Gray, pro se