UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Vernon Gray,
    Petitioner

    v.                                    Civil No. 07-cv-77-SM
                                              Opinion No. 2008 DNH 122
Bruce Cattell, Warden,
New Hampshire State Prison,
    Respondent

## O R D E R

The court of appeals treated petitioner's "Petition for Writ of Habeas Corpus" filed in that court, and seeking "de novo review" of this court's earlier denial of that same petition, as a notice of appeal. See Fed. R. App. P. 4(d) (a notice of appeal mistakenly filed in the court of appeals is treated as having been filed in the district court on the date it was received by the appellate court). Accordingly, this court docketed the "notice of appeal" as of April 14, 2008.

### Timeliness of Appeal

Judgment denying the original petition was entered in this court on March 5, 2008. So, petitioner had until April 5, 2008, to file a timely notice of appeal. Fed. R. App. P. 4(a)(1)(A). His "notice of appeal" facially appears to have been filed about nine days too late.

But, petitioner is a prisoner, and the "notice of appeal" apparently was signed on March 17, 2008, well before the thirty day period expired.  Under the "mail rule," a notice of appeal filed by an inmate confined in an institution is deemed to have been timely filed when it is deposited in the institution's internal mail system on or before the last day for filing.  Fed. R. App. P. 4(C).  Unfortunately, the record in this case is both undeveloped and unclear with respect to that critical point — petitioner is silent and respondent overlooks Fed. R. App. P. 4(d) in focusing his argument on the erroneous proposition that the "mail rule" only applies if a notice of appeal is mailed to the correct court.  Houston v. Lack, 487 U.S. 266 (1988), cited by respondent, does not suggest such a conclusion.

Actually, Houston fully recognizes that it is prison authorities who are in the best position to resolve doubts about timeliness under the mail rule:

> Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the pro se prisoner delivers notice to prison authorities for mailing is a bright-line rule, not an uncertain one.  * * *  The prison will be the only party with access to at least some of the evidence needed to resolve such questions — one of the vices the general rule is meant to avoid — and evidence on any of these issues will be hard to come by for the prisoner confined to his cell, who can usually only guess whether the prison authorities, the Postal Service, or the court clerk is to blame for any delay.

Id., at 275-276.  Gray's "notice of appeal" was given to prison authorities to mail sometime after March 17 (when it was signed), and before April 14, 2008 (when it was received by the court of appeals), and it seems eminently plausible that it was given to prison authorities for mailing before April 5, 2008.  It is hardly unusual for this court to receive pleadings mailed by prisoners well after they are signed and beyond the time one would expect due to normal postal delays.  Respondent's failure to refer to or produce any mail logs showing when the "notice" was received or mailed by prison authorities is perhaps telling in that regard.

    In any event, the critical facts related to timeliness need to be developed, considered, and the timeliness issue decided.  See Morales-Rivera v. United States, 184 F.3d 109 (1st Cir. 1999); Allen v. Culliver, 471 F.3d 1196 (11th Cir. 2006). Accordingly, on or before July 25, 2008, petitioner shall file a declaration in compliance with 28 U.S.C. § 1746, or a notarized statement, setting forth the date he placed the petition (the one sent to the court of appeals) in the institution's system designed for legal mail.  See Fed. R. App. P. 4(c)(1).

    And, on or before July 25, 2008, respondent shall file a supplemental pleading disclosing mail log or other business

record entries pertinent to petitioner's filing of the "notice of appeal."

**Extension of Time in Which to File Notice of Appeal**

Respondent concedes that petitioner filed a timely precautionary motion to extend the time in which to file a notice of appeal, as suggested by the court of appeals. Fed. R. App. P. 4(a)(5)(A)). Whether to grant a timely motion to extend the time to file an appeal involves equitable considerations. Factors to be weighed in determining whether to grant an extension based upon excusable neglect or good cause shown include the length of delay (here, a mere nine days), its potential impact on judicial proceedings (here, probably negligible), the danger of prejudice to the nonmoving party (here, virtually none), the reason for the delay (here, cryptically referred to as prisoner movement within the system and limited access to a law library, as well as petitioner's pro se status and his obvious unfamiliarity with appropriate procedural processes), and, the reason for the delay (if this appeal was indeed untimely), whether delay was within the control of the movant, and whether the movant acted in good faith (here, the reasons for delay are not fully explained, but petitioner seems to have acted in good faith — he indicated a desire to appeal early on, signing his "notice" on March 17, and it was actually mailed, finding its way to the court of appeals.

If the "notice of appeal" is deemed untimely, a reasonable extension nunc pro tunc to April 14, 2008, in which to file a notice of appeal might still be granted.  But petitioner has not developed either the grounds upon which he invokes excusable neglect or good cause.

Accordingly, if petitioner did not deposit his petition in the institution's mail system for delivery to the court of appeals on or before April 5, 2008, he shall, again, on or before July 25, 2008, file a supplemental brief explaining in detail what specific factors caused his failure to deposit the petition (now treated as a notice of appeal) in the mail system on or before the April 5 deadline.

### Certificate of Appealability

Nonetheless, even if the "notice" was timely, or if not and an extension of time is allowed, still, petitioner may not appeal the final judgment entered by this court denying habeas relief unless he first obtains a certificate of appealability, either from this court or from the court of appeals, certifying that he has "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Petitioner has not requested such a certificate nor asserted grounds upon which the requisite finding might be made.

In cases involving a timely habeas appeal not accompanied by a certificate of appealability from the district court, the court of appeals usually directs the petitioner to seek such a certificate from the district court within 30 days.  That process suits this case as well.  Petitioner shall also file a motion or application for a certificate of appealability on or before July 25, 2008, fully setting forth any grounds he believes would justify issuance of such a certificate.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

June 25, 2008

cc: Vernon Gray, pro se
    Susan P. McGinnis, Esq.
    Stephen Fuller, Office of NHAG
    John Vinson, NHDOC