UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Vernon Gray</u>

    v.                                        Civil No. 07-cv-77-SM
                                               Opinion No. 2008 DNH 151
<u>Richard M. Gerry, Warden,</u>
<u>New Hampshire State Prison</u>

### **O R D E R**

Respondent and petitioner have complied with the directives given in this court's order dated June 25, 2008.

### **Timeliness of the "Appeal"**

Respondent says petitioner is not entitled to the "prison mail rule" because he had been released to a halfway house in June of 2007, so was not in prison when the appeal period ran. Respondent counters, under oath and without contradiction, that although he was in a halfway house, he was not there as a "C-1" resident, but rather had been assigned as a "C-2" inmate to cook for the program residents.

Petitioner also says that while at the halfway house his outgoing mail was handled either by giving it to corrections staff for mailing, or, by mailing it himself on Fridays, when he was taken by corrections staff to the post office, bank, store, etc.

Petitioner signed his "appeal" on March 17, and intended to mail it himself on Friday, March 21, but that trip to the post office was cancelled due to inclement weather.  He waited to mail it the next Friday, March 28, but that trip was cancelled as well.

Petitioner says he was not sure how the 30-day appeal period was properly calculated, so, on Friday, April 4, 2008, he gave his "appeal" to corrections staff at the halfway house to be mailed.  Under the prison mail rule the appeal would be timely, as the appeal had to be filed by April 5, 2008.  If the prison mail rule is not applied, the appeal was nine days late (filed with the Court of Appeals on April 14, 2008).  In any event, petitioner also filed a timely motion to extend the time in which to file a notice of appeal.  Fed. R. App. P. 4(a)(5)(A).

The prison mail rule ought to apply, given that petitioner was not free to leave the halfway house to mail his appeal, and, except for supervised trips to the post office on Fridays, petitioner was dependent upon corrections staff to deposit his mail in the postal system, and he gave his "appeal" to corrections staff before the deadline expired.  Even if the mail rule does not apply, however, petitioner has shown excusable neglect warranting an extension of time to file, given the very

short delay, the insignificant impact on judicial proceedings, the absence of prejudice to the respondent, the reason for the delay (cancellation of petitioner's Friday trips to the post office on March 21 and March 28, 2008), and his assumed good faith belief that corrections staff would mail his "appeal" promptly, and that the prison mail rule applied.

Accordingly, the motion for extension of time in which to file an appeal (document no. 22) is granted. The "appeal" is deemed timely filed, either because under the prison mail rule it was timely filed on April 4, 2008, or, alternatively, because it was filed within the extended time the court has allowed.

## Certificate of Appealability

Petitioner's request for a certificate of appealability ("COA"), permitting him to pursue an appeal of this court's denial of his habeas corpus petition is denied. See 28 U.S.C. § 2253(c).

I find that petitioner has not made a "substantial showing of the denial of a constitutional right." Id. When a "district court has rejected the [petitioners] constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward. The petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner's motion merely reiterates arguments and contentions made previously, which were fully addressed in the court's dispositive orders.  Nothing in petitioner's motion addresses the applicable standard for granting a COA, and the court does not find that its assessment of petitioner's claims would be found to be either debatable or wrong by reasonable jurists.

If that assessment is itself wrong, then, of course, petitioner remains entitled to seek the necessary certificate directly from the United States Court of Appeals for the First Circuit.

## Conclusion

The appeal is timely.  The request for a certificate of appealability is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 21, 2008

cc: Vernon Gray, pro se
    Susan P. McGinnis, Esq.
    Stephen Fuller, Office of NHAG
    John Vinson, NHDOC